**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LORENZO P. JACKSON,<br>　　　　Petitioner, | Case No. 1:14-cv-128 |
| | |
| | Spiegel, J. |
| 　　　vs | Wehrman, M.J. |
| | |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>　　　　Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on (1) petitioner's motion filed February 7, 2014 requesting that the instant action be stayed and held in abeyance while he exhausts a state-court remedy; and (2) respondent's motion filed April 9, 2014 requesting that the petition be dismissed without prejudice as a "mixed petition with exhausted and unexhausted claims." (Docs. 2, 7).

## I. PROCEDURAL BACKGROUND

### State Trial Proceeding

In March 2009, the Butler County, Ohio, grand jury returned an indictment charging petitioner with one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(3); one count of breaking and entering in violation of Ohio Rev. Code § 2911.13(A); one count of grand theft in violation of Ohio Rev. Code § 2913.02(A)(1); two counts of safecracking in violation of Ohio Rev. Code § 2911.31; and one count of attempted safecracking in violation of Ohio Rev. Code §§ 2923.02 and 2911.31. (*See* Doc. 7, Ex. 1). The breaking and entering, grand theft and safecracking charges stemmed from an incident that occurred on April 11, 2007 at the Fairfield

Tavern. (*See id.* & Ex. 14, pp. 1-2). The burglary and attempted safecracking charges arose from a separate incident that occurred on May 21, 2007 at the Fairfield Lanes. (*See id.,* Ex. 1 & Ex. 14, p. 2).

Prior to trial, petitioner's trial counsel filed a motion on petitioner's behalf to dismiss the indictment. (*Id.*, Ex. 2). In the motion, counsel contended that Butler County could not prosecute petitioner because petitioner had entered a plea agreement in July 2008 in a Hamilton County case wherein "the State of Ohio agreed not to Prosecute Mr. Jackson for any breaking and entering or safecracking charges that he admits to." (*Id.*). On October 15, 2010, the trial court denied the motion. (*Id.*, Ex. 4). Petitioner's counsel also filed a suppression motion, which was denied. (*Id.*, Exs. 5-6).[1]

The matter proceeded to trial before a jury, which found petitioner guilty on all charges except that the grand theft charge set forth in Count Three of the indictment was reduced to theft based on the jury's finding that the value of the stolen property was "[e]qual to or more than $500, but less than $5,000." (*See id.*, Exs. 8, 9). After a sentencing hearing held on May 2, 2011, the trial court issued a "Judgment Of Conviction Entry" on May 6, 2011 sentencing petitioner to an aggregate prison term of ten (10) years. (*See id.*, Ex. 10).

### State Appeal Proceedings

With the assistance of his trial counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District. (Doc. 7, Ex. 11). In his appellate brief, petitioner presented the following assignments of error:

1. The trial court abused its discretion to the prejudice of appellant by overruling his motion to dismiss based on a previous plea agreement with the State of Ohio.

---

[1] In addition, petitioner's counsel filed a pretrial motion in limine to prohibit the prosecution from presenting two photographs at petitioner's trial. (*See* Doc. 7, Ex. 7). Apparently, the motion was rendered moot because the prosecution did not seek to introduce the two objected-to photographs at the trial. (*See id.*, Trial Tr. 8).

2.  The trial court erred to the prejudice of appellant by not granting the motion to suppress evidence recovered from his residence.

3. The trial court erred to the prejudice of appellant by giving additional definitions during jury instructions of "vault" and "safe" when those words are not defined by statute.

4. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions for assault on a peace officer and obstructing official business.

(*Id.*, Ex. 12).[2]  On September 17, 2012, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment.  (*Id.*, Ex. 14).

Petitioner next pursued a timely *pro se* appeal to the Ohio Supreme Court.  (*Id.*, Ex. 15).  In his memorandum in support of jurisdiction, petitioner asserted as propositions of law the same four claims that he had presented as assignments of error on direct appeal to the Ohio Court of Appeals.  (*See id.*, Ex. 16).  On February 6, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  (*Id.*, Ex. 18).

**Federal Habeas Corpus Petition**

Petitioner initiated the instant federal habeas corpus action, which was filed on February 7, 2014, at the earliest in January of 2014.  (*See* Doc. 1).[3]  Petitioner has alleged the following grounds for relief, as quoted in pertinent part from the petition:

**Ground One:**  The trial court abused its d[i]s[]cretion to the prejudice of Petitioner by overruling his motion to dismiss on a previous plea agreement with the State of Ohio.

**Ground Two:**  The trial court erred to the prejudice of Petitioner by not granting the motion to suppress evidence recovered from his residence.

---

[2] Respondent has noted that petitioner was not charged with the offenses mentioned in the fourth assignment of error.  (Doc. 7, Brief, p. 6 n.3).  The Ohio Court of Appeals addressed the merits of that claim of error, however, based on the charges that petitioner was found guilty of committing.  (*See id.*, Ex. 14, pp. 13-18).

[3] Petitioner states in the petition that he signed the petition and placed it in the prison mailing system for delivery to the Court on "1- -14."  (*See* Doc. 1, p. 16).

3

**Ground Three:**  The trial court erred to the prejudice of Petitioner by giving additional definitions during jury instructions of "vault and safe," when those words are not defined by statute.

**Ground Four:**  The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Petitioner[']s convictions for burglary, breaking & entering, theft, safecracking x 2 and attempted safecracking.

**Ground Five:**  Ineffective assistance of appellate counsel.

**Supporting Facts:**  Appellate counsel was ineffective because he failed to raise ineffectiveness of trial counsel.  Petitioner had the same counsel on direct appeal as he had for trial counsel.  Petitioner asserts that his appellate counsel[']s performance was deficient and below standard because he was well aware of the fact that he could not raise ineffective assistance of counsel on himself.

**Ground Six:**  The trial court erred to the prejudice of petitioner when it imposed consecutive sentences for "Allied offenses of similar import."

**Supporting Facts:**  Petitioner was convicted for breaking into the [F]airfield [T]avern and removing several items.  Among these items were a plasma television, an ATM and a safe.  Petitioner claims that these offenses should have been merged because they were committed at the same time and with a single animus.  Petitioner further asserts that it was merely impossible for the petitioner to have removed "said" property during a breaking and entering without committing "allied offenses" of similar import.

(*Id.*, pp. 4, 7, 9, 11, 17).

As both petitioner and respondent have acknowledged (*see id.*, p. 17; Doc. 7, p. 11), the petition is a "mixed" petition containing four claims (Grounds One through Four) that are exhausted and two claims (Grounds Five and Six) that are unexhausted.   Petitioner has filed a motion to stay and hold the instant proceeding in abeyance while he exhausts the claims alleged in Grounds Five and Six of the petition by way of an application pursuant to Ohio R. App. P. 26(B) for reopening of the direct appeal, which he avers was filed with the Ohio Court of Appeals in September 2013 and is currently pending before that court for ruling.  (Doc. 2).  In response, respondent has filed a motion to dismiss the petition without prejudice on exhaustion

grounds.  (Doc. 7).  In the alternative, respondent requests that petitioner's motion for stay be granted "with appropriate conditions to confirm Jackson's pleading in the state courts and to assure prompt resolution of his pending federal habeas petition when the state courts rule on his ineffective assistance of appellate counsel claim" alleged in Ground Five of the petition.  (*Id.*, p. 15).

## II.  OPINION

The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement.  *See* 28 U.S.C. § 2254(b)-(c).  Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights.  28 U.S.C. § 2254(b)(1).  A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts.  *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the Ohio Supreme Court.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present

the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies.  *See* 28 U.S.C. § 2254(c).  Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies.  *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).  A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes."  The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments."  *Id.* (quoting *Woodford v.*

6

*Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines. See, e.g., Williams v. Hurley,*

No. 2:05cv985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.); *see also Tolliver v. Sheets,* No. 2:05cv1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court.  Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause.  *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (quoting *Rhines v. Weber,* 408 F.Supp.2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)).  In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, the parties agree that petitioner has not exhausted the claim in Ground Five challenging the effectiveness of counsel who represented petitioner both at trial and on direct appeal and the claim in Ground Six challenging the imposition of consecutive sentences for allied offenses of similar import.  In his motion for stay, petitioner has averred that he filed an application under Ohio R. App. P. 26(B) on September 19, 2013 with the Ohio Court of Appeals, Twelfth Appellate District, requesting that his appeal be reopened and that "[t]here has yet to be a decision rendered" in that matter.  (Doc. 2).  Petitioner has also indicated in his habeas petition that the issues of "ineffective assistance of counsel" and "'allied offenses' of similar import, pursuant to 2941.25(A)" were raised in the Rule 26(B) application.  (*See* Doc. 1, p. 13). However, upon review of the online docket records maintained by the Butler County Clerk of Courts, it appears that no application for reopening of the appeal was ever filed in petitioner's appeal (Butler County Case No. CA2011-06-0096).[4]  Instead, it appears from those records that petitioner filed a motion on April 19, 2013 requesting that an attorney be appointed "to file[] a 26(B) or a delayed appeal" raising claims challenging the effectiveness of the attorney who represented petitioner at trial and on direct appeal.  Petitioner did not specify in the motion for appointment of counsel how his trial/appellate attorney provided ineffective assistance other than generally asserting that such counsel failed to inform petitioner that no claim could be brought on appeal challenging the attorney's own deficient performance at trial.  The last entry in Case No. CA2011-06-0096, which was filed on August 20, 2013, was a letter addressed to the Butler

---

[4]  The link to the docket record pertaining to Butler County Case No. CA2011-06-0096 can be found at: http://pa.butlercountyclerk.org/pa/pa.urd/pamw2000-docket_1st?60602530.  This Court has the authority to take judicial notice of that proceeding.  *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F.Supp.2d 836, 838 n.1 (S.D. Ohio 2007).

County Clerk of Courts from petitioner, wherein petitioner stated that he had "recently filed a Motion for Appointment of Counsel with the court of appeals," but had "not received a response from the prosecutor or a decision from the court." Petitioner requested a copy of the docket sheet in order to confirm that the court had received his motion "and that no other motions have been filed that I am not aware of."

The present record does not support a finding of good cause for petitioner's failure to exhaust the claims alleged in Grounds Five and Six in the state courts prior to filing the instant habeas corpus action. First, it does not appear that petitioner has ever presented the claim asserted in Ground Six to the state courts for consideration despite the fact that the factual basis for the claim was discoverable in the exercise of due diligence at the time he was sentenced in May 2011. Petitioner did not assert the claim on direct appeal; nor does it appear from the record that he presented the claim as an example of ineffectiveness by his counsel in any of the documents that he filed with the Ohio Court of Appeals after that court affirmed the trial court's judgment of conviction and sentence on September 17, 2012. Even assuming, as petitioner has suggested, that the claim was asserted as an example of counsel's ineffectiveness in an application for reopening that petitioner submitted a year later in September 2013 to the Ohio Court of Appeals, no explanation has been given as to why the claim was not raised earlier to the state courts (much less why the application was never actually filed with that court).

With respect to the ineffective assistance of counsel claim alleged in Ground Five, petitioner has not provided any explanation as to why he failed to pursue a timely reopening application or state post-conviction relief even though he was well aware that his counsel on appeal had also served as his trial attorney and that no ineffective-assistance-of-trial-counsel claim had been asserted as an assignment of error on direct appeal. Ohio R. App. P. 26(B)

provides that an application for reopening alleging ineffective assistance of appellate counsel must be filed in the court of appeals "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."  In his motion filed April 19, 2013 with the Ohio Court of Appeals requesting the appointment of counsel to file a Rule 26(B) application, petitioner suggested for the first time that his attorney was ineffective by serving as both trial and appellate counsel and failing to inform petitioner that he could not assert a claim on appeal "against himself for his deficient performance."  However, by that time, the deadline for filing a timely reopening application had long since passed,[5] and petitioner provided no explanation, other than his lack of education and legal experience, as to why he waited so long to even seek the appointment of counsel to file a reopening application on his behalf.

In any event, even assuming "good cause" can be found to the extent that petitioner attempted to raise the ineffective assistance claim in the April 2013 motion for appointment of counsel and may have been confused about the law or the status of his case after that point, the unexhausted claim is "plainly meritless."  *See Rhines*, 544 U.S. at 277.  Petitioner was not deprived of the effective assistance of counsel merely because the same attorney who represented petitioner at trial also represented petitioner on direct appeal.  *Cf. Tullis, supra*, 2007 WL 915197, at *6 (denying stay after finding that the unexhausted claim alleging, among other things, that petitioner was denied the effective assistance of appellate counsel because his attorney, who had served as trial counsel, "failed to advise him of the 'inherent conflict' in continuing to represent petitioner on direct appeal" was not "potentially meritorious").  Petitioner was not deprived of the opportunity to raise an ineffective-assistance-of-trial-counsel claim in the state courts as a result of his counsel's dual service as both trial and appellate counsel because it

---

[5] The Ohio Court of Appeals' direct appeal decision was journalized on September 17, 2012.  (*See* Doc. 7, Ex. 14).  Under Rule 26(B), the period for filing a timely reopening application expired 90 days later on December 17, 2012.

is well-settled in Ohio that a defendant "will not be precluded . . . from raising in a post-conviction petition the ineffective assistance of trial counsel, even if the claim could be decided on the direct appeal record, if the same attorney represented the defendant at trial and on direct appeal." *Molen v. Timmerman-Cooper*, No. 3:11cv304, 2012 WL 1884006, at *9 (S.D. Ohio May 22, 2012) (Merz, M.J.) (Report & Recommendation) (citing *State v. Cole*, 443 N.E.2d 169 (Ohio 1982)), *adopted*, 2012 WL 4504601 (S.D. Ohio Sept. 28, 2012) (Rice, J.); *see also Buell v. Mitchell*, 274 F.3d 337, 348 n.3 (6th Cir. 2011) (citing *Cole*) (noting the it was "proper" for the habeas petitioner, who had been represented by the same counsel at trial and on direct appeal, to raise his ineffective-assistance-of-trial-counsel claims for the first time in a post-conviction petition rather than on direct appeal); *Garrett v. Miller*, No. 5:11cv2638, 2012 WL 3989022, at *4 (N.D. Ohio Aug. 13, 2012) (Report & Recommendation) (citing *Stojetz v. Ishee*, 389 F.Supp.2d 858, 881-82 (S.D. Ohio 2005), and *Cole*) ("Under Ohio law, claims of ineffective assistance of trial counsel where the defendant was represented on appeal by the same attorney who represented him in the trial court must be raised in a postconviction petition pursuant to Ohio Rev. Code § 2953.21."), *adopted*, 2012 WL 3989004 (N.D. Ohio Sept. 11, 2012).

Accordingly, in sum, in the absence of the requisite showing under *Rhines*, the undersigned concludes that a stay of the instant action while petitioner exhausts the claims alleged in Grounds Five and Six in the state courts is not warranted.   Therefore, petitioner's motion to stay and hold the instant action in abeyance (Doc. 2) should be **DENIED**.

However, the inquiry does not end here.  Respondent has also moved to dismiss the petition without prejudice based on petitioner's failure to exhaust the claims alleged in Grounds Five and Six in the state courts.  (*See* Doc. 7).  Dismissal of the petition on exhaustion grounds is appropriate only if there are avenues of relief that remain open in the state courts for petitioner to

pursue his unexhausted claims.

Here, there does not appear to be an available avenue of relief for petitioner to pursue the claim alleged in Ground Six challenging the imposition of consecutive sentences for allied offenses of similar import, which has been asserted as an independent ground for relief and not as an example of ineffectiveness on the part of petitioner's trial/appellate counsel.  The claim is record-based and thus could only be raised on direct appeal.  However, petitioner has already exhausted the direct appeal remedy.

If petitioner had alleged an ineffective assistance claim in Ground Six based on counsel's failure to flag the "allied offense of similar import" issue either at trial or on direct appeal, it is arguable that petitioner could still pursue relief in the state courts by way of a delayed application for reopening of the appeal and/or petition for post-conviction relief.  It is also arguable that the same remedies are available for petitioner to pursue the ineffective assistance claim alleged in Ground Five of the petition.  However, petitioner faces significant hurdles in obtaining state-court review of either ground for relief at this late juncture.  First, to the extent that the remedy of a delayed reopening application is available, petitioner must demonstrate "good cause" for his delay in filing.  *See* Ohio R. App. P. 26(B).  Such a showing will be difficult if not outright impossible to make given the significant lapse of time since the direct appeal decision was issued on September 17, 2012.   Second, any petition for post-conviction relief based on errors committed by counsel at trial would be untimely at this late juncture because petitioner was required to file such a petition within 180 days "after the date on which the trial transcript [was] filed in the court of appeals in the direct appeal."  *See* Ohio Rev. Code § 2953.21(A)(2).  Although Ohio Rev. Code § 2953.23 provides that the trial court can entertain an untimely post-conviction petition, such review is possible only if the petitioner is able to show

that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," *and* by showing "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."

The undersigned recognizes that dismissal on exhaustion grounds may be appropriate even in cases where it appears unlikely that the state courts will entertain the petitioner's pleadings.  *See Godbolt v. Russell*, 82 F. App'x 447, 449-50 (6th Cir. 2003) (in affirming the district court's decision to dismiss a habeas petition on exhaustion grounds, the Sixth Circuit stated:  "No matter how unlikely it seems that [the state post-conviction] petition will fall within the narrow exception contained in [Ohio Rev. Code § 2953.23], it is for the state courts to interpret and enforce their laws on such issues."); *cf. Harris v. Warden, Madison Corr. Inst.*, No. 1:11cv414, 2012 WL 1552757, at *4-5 (S.D. Ohio Apr. 30, 2012) (Litkovitz, M.J.) (Report & Recommendation) (involving the arguably available remedy of a successive post-conviction petition), *adopted*, 2012 WL 1902435 (S.D. Ohio May 25, 2012) (Barrett, J.).  However, in this case, the Court also has serious concerns that, at this juncture, the dismissal without prejudice of the instant timely-filed "mixed" petition may result in a statute-of -limitations bar to review of any subsequent petition filed by petitioner after he exhausts the arguably available remedies of a delayed application for reopening of the appeal and/or petition for post-conviction relief.  In such circumstances, where the dismissal of the entire petition might unreasonably impair the petitioner's right to obtain federal review of any of his grounds for habeas relief, the Court must allow petitioner the opportunity to withdraw the unexhausted claims and proceed to judgment on the remaining claims that pose no exhaustion concerns.  *See Rhines,* 544 U.S. at 278.[6]

---

[6] Petitioner is cautioned, however, that if he elects to withdraw his unexhausted claims and proceed to judgment on his exhausted claims alleged herein, he risks forfeiting consideration of the unexhausted claims raised

Accordingly, although a stay is not warranted in this case, the undersigned concludes that respondent's motion to dismiss (Doc. 7) should also be **DENIED** subject to reconsideration if petitioner fails to inform the Court in writing within thirty (30) days of the date of filing of this Report and Recommendation of his intention to withdraw the unexhausted ineffective assistance of counsel claim alleged in Ground Five and any arguably unexhausted claim alleged in Ground Six, as well as his election to proceed to judgment on his remaining exhausted claims for relief alleged in Grounds One through Four of the petition. *Cf. Smith v. Warden, Warren Corr. Inst.,* No. 1:07cv93, 2007 WL 2874885 (S.D. Ohio Sept. 27, 2007) (Barrett, J.; Hogan, M.J.) (adopting the Magistrate Judge's Report and Recommendation to deny the petitioner's motion to stay and to deny the respondent's motion to dismiss to allow the petitioner the opportunity to withdraw his unexhausted claims as an alternative to dismissing the entire petition); *see also Dykens v. Miller,* 379 F.Supp.2d 71, 74 (D. Mass. 2005).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's motion for stay (Doc. 2) be **DENIED**.

2.  Respondent's motion to dismiss the "mixed" petition without prejudice on exhaustion grounds (Doc. 7) be **DENIED** subject to reconsideration in the event that petitioner fails to inform the Court in writing within thirty (30) days of the date of filing of this Report and Recommendation of his intention to withdraw the unexhausted claims for relief and to proceed to judgment on his remaining claims, which have been fully exhausted in the state courts.

Date:      7/10/14                           s/ J. Gregory Wehrman
                                             J. Gregory Wehrman
                                             United States Magistrate Judge

---

in any successive federal habeas petition. *See* 28 U.S.C. § 2244(b).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LORENZO P. JACKSON,                                    Case No. 1:14-cv-128
      Petitioner

                                        Spiegel, J.
      vs                                Wehrman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc