UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LORENZO P. JACKSON, | : | No. 1:14-cv-00128 |
| Petitioner, | : | |
| v. | : | **ORDER** |
| WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION | : | |
| Respondent. | : | |

This matter is before the Court on the July 10, 2014 Report and Recommendation of Magistrate Judge J. Gregory Wehrman (doc. 8), to which there has been no objection.

In July 2008, Petitioner entered into a plea agreement in Hamilton County, Ohio, reprinted in its entirety below:

> [Petitioner] Lorenzo Jackson agrees to tell [Detective] Eric Catron about every B & E/Safecracking that he was involved in prior to 8/7/07, agrees to drive with Catron and show him the various places that he broke into. In exchange, the State of Ohio agrees not to charge Mr. Jackson for any B&E/Safecracking that he admits to. The State also agrees to one year ODC on pending charges with credit for time served.

(Doc. 7-1, Exh. 2 at 5.)  Thereafter, purportedly based on information disclosed to Detective Catron in connection with said plea agreement, Petitioner was indicted on March 11, 2009 in Butler County, Ohio with one count of breaking and entering, two counts of safecracking and one count of grand theft stemming from an incident that occurred on April 11, 2007 and one count

1

of burglary and one count of attempted safecracking arising from a later incident that occurred on May 21, 2007 (doc. 7-1, Exh. 1). His trial counsel filed a motion to dismiss on the grounds that the offenses for which he was indicted pre-dated August 7, 2007 and thus violated the terms of the plea agreement (see doc. 7-1, Exh. 2 at 1-4). The Butler County Court of Common Pleas denied that motion (doc. 7-1, Exh. 4), as well as a pre-trial motion to suppress (doc. 7-1, Exhs. 5-6). A jury convicted Petitioner of all six counts, except the "grand theft" charge was reduced to "theft" based on the value placed on the property stolen (doc. 7-1, Exhs. 8-9). He was sentenced to an aggregate prison term of ten (10) years (doc. 7-1, Exh. 10).

Petitioner, through counsel, filed a timely notice of appeal, raising four assignments of error: (1) the trial court abused its discretion by overruling his motion to dismiss; (2) the trial court erred by denying his motion to suppress; (3) the trial court erred by including additional definitions of "vault" and "safe" in the jury instructions; and (4) the evidence was insufficient as a matter of law to sustain his convictions (see doc. 7-1, Exhs. 11, 12). The Court of Appeals for the Twelfth Appellate District, Butler County, Ohio overruled all four and affirmed the judgment of the trial court (see doc. 7-1, Exh. 14). The Supreme Court of Ohio declined to accept jurisdiction of Petitioner's pro se appeal (doc. 7-1, Exhs. 15-16, 18).

Petitioner raises six grounds for relief in the instant petition for a writ of habeas corpus filed on February 7, 2014 (doc. 1).  The first four grounds are identical to the four assignments of error presented at the state appellate level and are thus exhausted as required by 28 U.S.C. § 2254(b)(1)(A).  It is undisputed, however, that the remaining two grounds have not been exhausted (see doc. 1 at 17; doc. 7 at 11), rendering the petition "mixed".  To that end, Petitioner has filed a motion to stay and hold his petition in abeyance while he exhausts his unexhausted claims (ineffective assistance of counsel (Ground Five) and trial court error in imposing consecutive sentences for "allied offenses of similar import" (Ground Six)) through an application to reopen his appeal pursuant to Ohio R. App. P. 26(B) (see doc. 2).  He represents that he filed said application on September 19, 2013 (see doc. 2 at 1).  No proof, such as a file-stamped copy, is attached, though.  Respondent, on the other hand, has filed a motion to dismiss the petition without prejudice or, in the alternative, asks that any stay granted include "appropriate conditions" to both verify that Petitioner has indeed filed a Rule 26(B) application and assure prompt resolution of the instant petition once the state appellate court issues its ruling (see doc. 7 at 14-15).

The Magistrate Judge reports that a finding of good cause ought not attach to Petitioner's failure to exhaust the claims

3

alleged in Grounds Five and Six. With regard to Ground Five, and referencing the authority of federal courts to take judicial notice of proceedings in other courts of record, the Magistrate Judge reviewed the online docket records maintained by the Butler County Clerk of Courts. See Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). He advises that Petitioner has not filed, as he says, a Rule 26(B) application to reopen his appeal; rather, on April 19, 2013 Petitioner simply filed a motion requesting that an attorney be appointed to assist him in this regard.[1] That motion offers no justification for his tardiness other than a lack of education and legal experience. Further, the Magistrate Judge finds this claim to be "plainly meritless" under Rhines v. Weber, 544 U.S. 269, 277 (2005), thus precluding a stay. First, a defendant is not denied the effective assistance of counsel by virtue of the fact that the same attorney represented him at trial and on direct appeal. Second, even when an ineffective assistance claim can be decided on the direct appeal record, a defendant will not be prevented from raising it in a state post-conviction proceeding in the circumstance where the same attorney

---

[1] The last entry in the case, filed on August 20, 2013, is a letter from Petitioner inquiring about the status of his motion. See State of Ohio v. Lorenzo P. Jackson, Case No. CA 2011 06 0096, available at http://pa.butlercountyclerk.org/pa/pa.urd/pamw2000docket_1st?60602530.

4

represented him at both levels. See Buell v. Mitchell, 274 F.3d 337, 348 n.3 (6th Cir. 2011) (citing State v. Cole, 2 Ohio St. 3d 112, 113-14, 443 N.E.2d 169, 171 (Ohio 1982)). A similar conclusion attends Ground Six. Its factual basis was discoverable through the exercise of due diligence at the time Petitioner was sentenced in May 2011, yet this claim was not asserted previously on direct appeal or currently as an example of ineffective assistance in support of the motion pending in the Twelfth Appellate District. For these reasons, therefore, the Magistrate Judge recommends that Petitioner's motion to stay and hold his petition in abeyance be denied.

The Magistrate Judge also recommends, however, that Respondent's motion to dismiss the petition without prejudice—to allow Petitioner the opportunity to exhaust in the state courts the claims alleged in Grounds Five and Six—be denied as well. He has determined that there are no avenues of relief available to Petitioner. Ground Six challenges the imposition of consecutive sentences for allied offenses of similar import, a claim that is record-based and thus can be raised only on direct appeal. Petitioner, however, already has concluded his direct appeal remedy. Had Petitioner alleged an ineffective assistance claim based on his attorney's failure to "flag" the sentencing issue, he possibly could seek relief via a late application for reopening his appeal or a petition for post-conviction relief,

5

but the Magistrate Judge remains unconvinced Petitioner could meet the standards required to forgive his delay. Most importantly, he expresses concern that a dismissal now—to allow exhaustion, albeit futile in all likelihood—might result in a statute-of-limitations bar to return to federal court thereafter. Accordingly, the Magistrate Judge recommends, on the authority of Rhines, supra, 544 U.S. at 278, that we allow Petitioner the opportunity to withdraw his two unexhausted claims so he can proceed to judgment on the remaining four, which, as discussed, have been fully exhausted in the state courts.

Having reviewed this matter pursuant to 28 U.S.C. §636(b), the Court finds no clear error on the face of the record and, indeed, finds the Report and Recommendation to be thorough, well-reasoned and correct. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Accordingly, the Court ACCEPTS, ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 8) in its entirety. Therefore, Petitioner's Motion for a Stay and Abeyance (doc. 2) is **DENIED**. Further, Respondent's Motion to Dismiss (doc. 7) is likewise

6

**DENIED**; however, Respondent may renew said motion in the event Petitioner fails to inform the Court in writing **on or before September 2, 2014** of his intention to withdraw his unexhausted claims for relief (Grounds Five and Six of his Petition) and to proceed to judgment only on his remaining exhausted claims (Grounds One through Four of his Petition).

SO ORDERED.


Dated: August 5, 2014        s/S. Arthur Spiegel_____
                             S. Arthur Spiegel
                             United States Senior District Judge