```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


LORENZO P. JACKSON,            :    No. 1:14-cv-00128
                               :
        Petitioner,            :
                               :
    v.                         :    OPINION AND ORDER
                               :
WARDEN, CHILLICOTHE            :
CORRECTIONAL INSTITUTION       :
                               :
        Respondent.            :
```

This matter is before the Court on the July 10, 2014 Report and Recommendation of Magistrate Judge J. Gregory Wehrman (doc. 8). We previously adopted this Report and Recommendation on August 5, 2014, having reviewed it for clear error in light of the lack of any objections (see doc. 11). Petitioner thereafter filed a motion for an extension of time to submit a "delayed" objection (doc. 13). The Court found his motion to be well-taken; accordingly, we vacated our August 5 Order and established a new briefing schedule (see doc. 14). The parties have complied with same, such that Petitioner's timely objection (doc. 16) and Respondent's reply thereto (doc. 17) are properly

before us as well.[1]  And, as it is inextricably intertwined, we consider also Respondent's renewed Motion to Dismiss (doc. 18).

**I. Background**

In July 2008, Petitioner entered into a plea agreement in Hamilton County, Ohio, reprinted in its entirety below:

> [Petitioner] Lorenzo Jackson agrees to tell [Detective] Eric Catron about every B & E/Safecracking that he was involved in prior to 8/7/07, agrees to drive with Catron and show him the various places that he broke into. In exchange, the State of Ohio agrees not to charge Mr. Jackson for any B&E/Safecracking that he admits to.  The State also agrees to one year ODC on pending charges with credit for time served.

(Doc. 7-1, Exh. 2 at 5.)  Thereafter, purportedly based on information disclosed to Detective Catron in connection with said plea agreement, Petitioner was indicted on March 11, 2009 in Butler County, Ohio with one count of breaking and entering, two counts of safecracking and one count of grand theft stemming from an incident that occurred on April 11, 2007 and one count

---

[1] A pleading titled "Status of Petitioner" was filed with the Clerk on October 16, 2014 (see doc. 21).  In it, Petitioner advises that he "is currently without access to any legal materials" and "will not be capable of responding properly" because he has been placed in the "segregation unit" at the Chillicothe Correctional Institution, where he will remain for a minimum of 21 days—pursuant to Ohio Department of Rehabilitation and Corrections policy—pending an investigation.  He asks this Court's indulgence to allow him "to reserve the ability to supplament [sic] his petition and complete the record, upon [his] return back into general population."  The Court observes that the matter currently under consideration has been fully briefed by both parties, Petitioner included.  No further response by Petitioner is necessary at this point in time or, in fact, allowed under the Local Rules.

2

of burglary and one count of attempted safecracking arising from a later incident that occurred on May 21, 2007 (doc. 7-1, Exh. 1). His trial counsel filed a motion to dismiss on the grounds that the offenses for which he was indicted pre-dated August 7, 2007 and thus violated the terms of the plea agreement (see doc. 7-1, Exh. 2 at 1-4). The Butler County Court of Common Pleas denied that motion (doc. 7-1, Exh. 4), as well as a pre-trial motion to suppress (doc. 7-1, Exhs. 5-6). A jury convicted Petitioner of all six counts, except the "grand theft" charge was reduced to "theft" based on the value placed on the property stolen (doc. 7-1, Exhs. 8-9). He was sentenced to an aggregate prison term of ten (10) years (doc. 7-1, Exh. 10).

Petitioner, through counsel, filed a timely notice of appeal, raising four assignments of error: (1) the trial court abused its discretion by overruling his motion to dismiss; (2) the trial court erred by denying his motion to suppress; (3) the trial court erred by including additional definitions of "vault" and "safe" in the jury instructions; and (4) the evidence was insufficient as a matter of law to sustain his convictions (see doc. 7-1, Exhs. 11, 12). The Court of Appeals for the Twelfth Appellate District, Butler County, Ohio overruled all four and affirmed the judgment of the trial court (see doc. 7-1, Exh. 14). The Supreme Court of Ohio declined to accept jurisdiction of Petitioner's pro se appeal (doc. 7-1, Exhs. 15-16, 18).

3

Petitioner raises six grounds for relief in the instant petition for a writ of habeas corpus filed on February 7, 2014 (doc. 1).  The first four grounds are identical to the four assignments of error presented at the state appellate level and are thus exhausted as required by 28 U.S.C. § 2254(b)(1)(A).  It is undisputed, however, that the last two grounds have not been exhausted (see doc. 1 at 17; doc. 7 at 11), rendering the petition "mixed".  To that end, Petitioner filed a motion to stay and hold his petition in abeyance while he exhausts his unexhausted claims (ineffective assistance of appellate counsel (Ground Five) and trial court error in imposing consecutive sentences for "allied offenses of similar import" (Ground Six)) through an application to reopen his appeal pursuant to Ohio R. App. P. 26(B) (see doc. 2).  In support of his motion, Petitioner advised that he filed such an application on September 19, 2013, but "[t]here has yet to be a decision rendered" (see doc. 2 at 1).  The Warden opposes the motion, and asks the Court to instead dismiss the petition without prejudice or, in the alternative, requests that any stay granted include "appropriate conditions" to both verify that Petitioner has indeed filed a Rule 26(B) application and assure prompt resolution of the instant petition once the state appellate court issues its ruling (see doc. 7 at 14-15).

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge reports that a finding of "good cause" should not attach to Petitioner's failure to exhaust the claims alleged in Grounds Five and Six, and thus recommends against the grant of a "stay-and-abeyance" under Rhines v. Weber, 544 U.S. 269 (2005). Referencing the authority of federal courts to take judicial notice of proceedings in other courts of record, the Magistrate Judge reviewed the online docket records maintained by the Butler County Clerk of Courts prior to issuing his July opinion. See Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). He observed that Petitioner had not filed, as he claimed, a Rule 26(B) application to reopen his appeal; rather, on April 19, 2013, Petitioner instead filed a motion requesting that an attorney be appointed to assist him in this effort. In it, he offered no details as to why he believed his appellate counsel—who also served as his trial counsel— provided ineffective assistance, other than a general assertion that trial counsel failed to disclose that he could not challenge "his own deficient performance" on direct appeal (see doc. 8 at 9).[2] Further, Petitioner gave no explanation as to why

---

[2] See State of Ohio v. Lorenzo P. Jackson, Case No. CA 2011 06 0096, Motion for Appointment of Counsel w/ Affidavit Filed (Apr. 19, 2013) ("[Due process and equal protection] w[ere] denied to this appellant when his counsel represented him for trial as well as on direct appeal. The appellant, who is uneducated and legally uninformed, was never informed by his counsel of the

5

he made no effort to reopen his appeal within the prescribed 90-day period[3] or, for that matter, failed to pursue state post-conviction relief under Ohio Rev. Code § 2953.21[4]. Finally, the Magistrate Judge noted the factual basis supporting Ground Six was discoverable through the exercise of due diligence at the time Petitioner was sentenced in May 2011, yet this claim was not asserted previously on direct appeal or cited currently by him as an example of ineffective assistance in support of the Rule 26(B) application.

---

ramifications of this representation, that counsel could not file an appeal against himself for his deficient performance.") available at http://pa.butlercountyclerk.org/pa/pa.urd/pamw2000docket_1st?60602530.

[3] Ohio R. App. P. 26(B)(1) provides, "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time[]" (emphasis added). The Twelfth Appellate District issued its judgment entry on September 17, 2012 (see doc. 7, Exhibit 14) thus requiring Petitioner to file any Rule 26(B) application by December 17, 2012.

[4] Petitions for post-conviction relief must be filed within 180 days "after the date on which the trial transcript [wa]s filed in the court of appeals in the direct appeal of the judgment of conviction[.]" Ohio Rev. Code § 2953.21(A)(2). Untimely petitions may be considered only when a petitioner can show that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present [his] claim for relief" and that "but for constitutional error at trial, no reasonable fact[-]finder would have found [him] guilty of the offense of which [he] was convicted[.]" Id. § 2953.23(A)(1)(a), (b). Notably, the second proviso must be shown by "clear and convincing evidence". Id. § 2953.23(A)(1)(b).

But even if the "good cause" standard had been met, these unexhausted claims are "plainly meritless" in the Magistrate Judge's view; thus, under Rhines, supra, 544 U.S. at 278, any grant of a stay would be an abuse of this Court's discretion. He notes that a defendant is not denied the effective assistance of counsel simply by virtue of the fact that the same attorney represented him both at trial and on direct appeal, citing Tullis v. Kontah, No. 2:06-cv-1025, 2007 WL 915197, at *6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.). Moreover, it is well-established in Ohio that a defendant is permitted to raise an ineffective assistance of trial counsel claim for the first time in a post-conviction petition rather than on direct appeal in the circumstance, as here, where the same attorney represented him at both levels. See Buell v. Mitchell, 274 F.3d 337, 348 n.3 (6th Cir. 2011) (citing State v. Cole, 2 Ohio St. 3d 112, 113-14, 443 N.E.2d 169, 171 (Ohio 1982)). Yet, the record indicates that Petitioner never sought such relief.

And the same reasons that prompted the Magistrate Judge to recommend denial of Petitioner's motion for a stay also persuaded him to recommend denial of Respondent's motion to dismiss. Because Ground Six challenges the imposition of consecutive sentences for allied offenses of similar import, it is a record-based claim that can be raised only on direct appeal. Petitioner, however, already has concluded his direct

7

appeal remedy. He also cautioned that a dismissal now—to allow exhaustion, likely futile at that—may well result in a statute-of-limitations bar to return to federal court thereafter. Thus, the Magistrate Judge recommended that we allow Petitioner the opportunity to withdraw his two unexhausted claims so he can proceed to judgment on the other four, which, as discussed, have been fully exhausted in the state courts. See Rhines, supra, 544 U.S. at 278. Should Petitioner fail to do so, however, he suggested it would be appropriate for Respondent to renew her motion to dismiss.

### III. Discussion of Petitioner's Objections

Petitioner's objections are somewhat difficult to decipher, and, as discussed below, are stated in the alternative. He declares emphatically that he "would like to immediately withdraw '**only**' his sixth ground for relief" because it "was initially incorporated in his [A]pp. R. 26(B) motion[]" (see doc. 16 at 6 (emphasis original)). This position is consistent with the relief he seeks in his conclusion, that we "allow him to go back to the state courts, then return and proceed to judgement [sic] on all grounds of the petition one through five[]" (id. at 7). The Court will examine first, therefore, whether we can "allow" him this opportunity through stay-and-abeyance.

8

Petitioner contends that he <u>did</u> send a Rule 26(B) application to the Butler County Clerk of Courts on September 23, 2013 that—inexplicably—was never docketed. In support, he offers an unauthenticated memo written on Ohio Department of Rehabilitation and Correction ("ODRC") stationery by one Corby Free, in which Mr. Free verifies that CCI deducted $1.72 from Petitioner's account to pay for postage for legal mail sent to the Butler County Clerk on the date in question (<u>see</u> doc. 16-1 at 2 (PAGEID # 397)). Petitioner does not attach a copy of the Rule 26(B) application he claimed to have "research[ed], stud[ied], draft[ed] and mail[ed]" on that date (doc. 16 at 3). The Court finds this omission curious, but not fatal, and we recognize that—in the rarest of occasions—pleadings mailed from an ODRC facility to a county clerk's office possibly can get lost.

But even if that application—as Petitioner had presumed—was docketed in September 2013, it still would have been filed late. As recited by the Magistrate Judge, the Twelfth Appellate District affirmed Petitioner's judgment of criminal conviction on September 17, 2012, making any Rule 26(B) application due on or before December 17, 2012. Petitioner claims he was prevented from filing a timely application because, on November 12, 2012, he was transferred to the Hamilton County Justice Center for trial and not returned to the custody of the Warden at CCI until

9

February 21, 2013; moreover, he was not permitted to take any materials relating to his Butler County conviction with him to Hamilton County.

The Court makes two observations as to this time-line. First, while at CCI, Petitioner apparently took no steps to file a Rule 26(B) application between September 17 and November 12, 2012. Second, Petitioner waited two months after his return to CCI to file <u>anything</u> with the Twelfth District. And he chose not to file a Rule 26(B) application. Rather, he sought appointment of counsel, to which—at that point in the process—he clearly was not entitled. <u>See</u> <u>Lopez v. Wilson</u>, 426 F.3d 339, 352 (6th Cir. 2005) (<u>en</u> <u>banc</u>). Discovering in August 2013 that no action had been taken on his motion, Petitioner then allegedly mailed a Rule 26(B) application to the Butler County Clerk. Then, on the presumption that said application had been docketed in September 2013 and was pending in Butler County, he filed a habeas petition in this Court in early 2014 to comply with AEDPA's one-year statute of limitations.

Petitioner's procedural narrative, however, does not end here. On the same day his habeas petition was docketed in the Southern District, he was again suddenly taken from CCI and transferred to the Campbell County Detention Center in Newport, Kentucky—for trial on a different indictment—where he remained until July 16, 2014. He randomly learned of our August 5 Order

10

a few days after its publication, prompting him to write the Butler County Clerk about the status of the Rule 26(B) application he presumed was pending. At this point he realized there was no record of it. Hence, on September 17, 2014, Petitioner filed with that court a "Motion for Leave to File 26(B)" (see doc. 20-1).

Petitioner argues to this Court, given the totality of these circumstances, that he has demonstrated "good cause" under Rhines for his failure to file a timely Rule 26(B) application, and thus exhaust his state remedies, by virtue of these custody transfers over which he had no control and during which he had no access to legal materials. We tend to agree, yet note that far more context has been brought to this issue since the Magistrate Judge released his report indicating otherwise. The closer question, we think, is whether the unexhausted claims have potential merit, the second standard that must be met under Rhines. This Court concludes that they do not.

Rule 26(B)'s 90-day time constraint is "firmly established and regularly followed." Wogenstahl v. Mitchell, 668 F.3d 307, 322 (6th Cir. 2012) (citations and quotations omitted). Our own research makes clear that very little suffices as "good cause" to excuse a failure to timely file a Rule 26(B) application. Petitioner asserts that limited access to legal materials when transferred from CCI first to Hamilton County, Ohio and then to

11

Campbell County, Kentucky should "forgive" his delay. Such an excuse, however, does not pass muster. See, e.g., State v. Dodson, No. 98521, 2014 WL 4748361, at ¶ 4 (Ohio App. 8 Dist. Sept. 23, 2014). Nor does an applicant's ignorance of the law or lack of legal training and knowledge. See, e.g., State v. Williams, No. 90845, 2014 WL 4748358, ¶ 9 (Ohio App. 8 Dist. Sept. 23, 2014) (quoting State v. LaMar, 102 Ohio St. 3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶ 9 (quoting State v. Reddick, 72 Ohio St. 3d 88, 91, 647 N.E. 784, 786 (1995))). Therefore, because Petitioner's putative claim of ineffective assistance of appellate counsel quite likely would be barred from review on procedural grounds, it cannot be considered potentially meritorious under Rhines, rendering a stay an abuse of discretion. See Childers v. Warden, Chillicothe Corr. Inst., No. 2:13-CV-991, 2014 WL 3828429, at *4 (S.D. Ohio Aug. 4, 2014) (Sargus, J.; Deavers, M.J.); Van Buskirk v. Warden, Lebanon Corr. Inst., No. 3:12 CV 2275, 2014 WL 861207, at *13 (S.D. Ohio Mar. 4, 2014) (Gaughan, J.; Limbert, M.J.); Toledo v. Banks, No. 2:09-cv-614, 2010 WL 2620593, at *5 (S.D. Ohio June 25, 2010) (Report & Recommendation), adopted, 2010 WL 3061514 (Frost, J.).

Having determined that Petitioner's motion for a stay is not well-taken, we consider next Respondent's motion to dismiss, renewed on the basis that "Jackson has not unequivocally withdrawn his unexhausted grounds" as instructed by the

Magistrate Judge (see doc. 18 at 1). The Court, however, comes to a different conclusion. Without a doubt Petitioner has unequivocally withdrawn Ground Six. As to Ground Five, we believe that he has stated clearly enough that, in the event of an unfavorable ruling under Rhines, he alternatively wishes to withdraw his claim for ineffective assistance of appellate counsel. (See doc. 16 at 6 ("However, in the event this honorable court finds Mr. Jackson's justifications are unforgiveable, he wishes to withdraw his 'fifth' . . . ground.").) Thus, at this juncture, Petitioner's petition is no longer "mixed" and a dismissal without prejudice would serve no good purpose.

## IV. Conclusion

This Court has carefully studied the objections to the July 10, 2014 Report and Recommendation of Magistrate Judge J. Gregory Wehrman, engaging in a de novo review of the issues Petitioner has raised. See 28 U.S.C. § 636(b)(1)(B),(C). Upon consideration, we conclude that the recommendations of the Magistrate Judge remain correct. Petitioner's Motion for a Stay and Abeyance (doc. 2) is accordingly **DENIED**. Respondent's Motion to Dismiss, both original (doc. 7) and as renewed (doc. 18), is likewise **DENIED**. The Court directs the Magistrate Judge to establish a briefing schedule to allow Respondent to address the merits of the four remaining grounds set forth in the

... 

petition, with an opportunity for Petitioner to file his traverse, so that these remaining claims—which have been fully exhausted in the state courts—can proceed to judgment.

    SO ORDERED.

Dated:  October 30, 2014   <u>s/S. Arthur Spiegel               </u>
                                       S. Arthur Spiegel
                                        United States Senior District Judge